T.C. Memo. 2000-278


UNITED STATES TAX COURT


SHIRLEY J. RANEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18201-98.                    Filed August 30, 2000.


Shirley J. Raney, pro se.

<u>J. Scot Simpson</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(f) | Sec. 6654(a) |
| --- | --- | --- | --- |
| 1992 | $2,226 | $1,568 | $91 |
| 1993 | 1,721 | 1,291 | 72 |
| 1994 | 4,237 | 1,741 | 109 |
| 1995 | 2,668 | 1,360 | 93 |
| 1996 | 2,126 | 1,498 | 106 |

The issues for decision are: (1) Whether petitioner received taxable wage and pension income during each of the years in issue; (2) whether petitioner is liable for additions to tax under section 6651(f)[1] for fraudulent failure to file income tax returns for the years in issue; and (3) whether petitioner is liable for the additions to tax under section 6654(a) for failure to pay estimated tax for the years in issue.

When this case was called for trial, respondent moved, pursuant to Rule 91(f), to compel petitioner to enter into a proposed stipulation of facts. After hearing the parties on the motion, we determined that there was no real dispute about the facts proposed for stipulation and that there was no good reason why the facts and exhibits attached to the stipulation should not be made part of the evidentiary record. We therefore granted respondent's motion and deemed the matters contained in the proposed stipulation to be facts for purposes of this case. See Rule 91(f). After we granted the motion, the parties decided

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

that they would not call any witnesses, and the case was submitted on the stipulated facts.

FINDINGS OF FACT

Petitioner resided in Tampa, Florida, at the time she filed her petition. Petitioner was married and had no dependent children during the years in issue.

During 1992, petitioner was employed by Wal-Mart and Fireman's Fund and received wage income from those employers in the amounts of $1,196 and $16,644, respectively. During 1993, petitioner was employed by Fireman's Fund and received wage income of $16,948. During 1994, petitioner was employed by Fireman's Fund, Montgomery Ward, Data Input Services, and Physicians Healthcare and received wage income from those employers in the amounts of $16,274, $1,782, $1,728, and $1,513, respectively. During 1995, petitioner was employed by Physicians Healthcare and Burns & Wilcox and received wage income from those employers in the amounts of $10,839 and $6,564, respectively. During 1996, petitioner was employed by Burns & Wilcox and the U.S. Postal Service and received wage income from those employers in the amounts of $5,326 and $14,765, respectively. Petitioner received Forms W-2, Wage and Tax Statement, reflecting these wages.

In 1992, petitioner received $1,368 from Fireman's Fund ESOP. In 1994, petitioner received $6,102 in pension income from

The Bank of New York.  In 1995, petitioner received $3,693 from the Fireman's Fund Retirement Plan.

Petitioner provided the Fireman's Fund with Form W-4, Employee's Withholding Allowance Certificate, dated May 5, 1992, on which she claimed 10 withholding allowances.  Petitioner provided Montgomery Ward with Form W-4, dated July 29, 1994, on which she claimed eight withholding allowances.  Petitioner provided Data Input Services with Form W-4, dated October 10, 1994, on which she claimed eight withholding allowances. Petitioner provided Physicians Healthcare with Form W-4, dated November 28, 1994, on which she claimed eight withholding allowances.  Petitioner provided Burns & Wilcox with Form W-4, dated July 19, 1995, on which she claimed eight withholding allowances.  Petitioner's employers withheld Federal income taxes from her wages in the amounts of $641.36, $0.00, $696.41, $117.61, and $129.51 for the years 1992, 1993, 1994, 1995, and 1996, respectively.  Petitioner made no estimated tax payments for the years in issue.

Petitioner sent Forms 1040, U.S. Individual Income Tax Return, to respondent for the years in issue.  The Forms 1040 were received by the Internal Revenue Service on December 17, 1997.  On those Forms 1040, petitioner reported no income. Respondent did not accept the above-referenced Forms 1040 as tax

returns.  Petitioner has not filed any other income tax returns
for the years in issue.

In correspondence with respondent, petitioner indicated that
she did not believe that the tax laws required her to pay tax on
the income that she received.  Petitioner continues to take that
position in her brief.

OPINION

Petitioner received wage income from various employers
during the years 1992, 1993, 1994, 1995, and 1996 in the
respective amounts of $17,840, $16,948, $21,297, $17,403, and
$20,091.  Petitioner also received pension income during 1992,
1994, and 1995 in the respective amounts of $1,368, $6,102, and
$3,693.[2]  Petitioner generally argues that no act of Congress
authorizes taxation of these amounts.  We disagree.  All these
amounts constitute gross income under section 61.  Petitioner's
arguments to the contrary are wholly without merit and not worthy
of further analysis.  We hold that petitioner has deficiencies in
income taxes in the amounts determined in the notice of
deficiency.

Respondent also determined that petitioner is liable for
additions to tax pursuant to section 6651(f) for fraudulent

---

[2]In computing the amount of the deficiencies, respondent
determined that petitioner was liable for an increase in tax of
10 percent on the pension distributions pursuant to sec. 72(t).
Petitioner has not disputed this and offered no evidence on this
point.

failure to file returns for each of the years in issue.  The existence of fraud is a question of fact to be resolved upon consideration of the entire record.  See Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978); Estate of Pittard v. Commissioner, 69 T.C. 391 (1977).  Fraud is not to be imputed or presumed, but rather must be established by independent evidence of fraudulent intent.  See Beaver v. Commissioner, 55 T.C. 85, 92 (1970); Otsuki v. Commissioner, 53 T.C. 96 (1969).  Fraud may not be found under "circumstances which at the most create only suspicion."  Davis v. Commissioner, 184 F.2d 86, 87 (10th Cir. 1950); Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989).

A finding of fraud requires proof of specific intent to evade a tax believed to be owing.  If an understatement of tax is caused by a good faith misunderstanding of the tax laws, the understatement would not be due to fraud.  See Niedringhaus v. Commissioner, 99 T.C. 202, 217 (1992).  A good faith misunderstanding for this purpose can exist even if the misunderstanding is objectively unreasonable.  See id. at 216-217.  We have cautioned, however, that a good faith misunderstanding of the law is different from disagreement with the law or a belief that the law is or may be unconstitutional.  See id. at 217-218.

The main thrust of petitioner's position in this case is that the tax laws do not require her to pay taxes on the income that she received. While we believe that petitioner's position is objectively unreasonable, the sparse evidence in the record before us does not clearly and convincingly negate petitioner's implicit claim that she was acting on her good faith understanding of the law. Of course, we may question whether petitioner's purported misunderstanding of the law was the product of good faith. However, suspicions, no matter how strong, are not a substitute for evidence.[3] See id. at 210. Respondent bears the burden of proving fraudulent intent by clear and convincing evidence. See sec. 7454(a); Rule 142(b). Respondent has not done so. We therefore hold that petitioner is not liable for the additions to tax under section 6651(f).[4]

Petitioner bears the burden of proof regarding the section 6654(a) additions to tax for failure to pay estimated tax. Petitioner offered no evidence regarding the section 6654(a)

---

[3]The record before us contains no evidence of petitioner's business experience, educational background, prior history of filing income tax returns, or dealings with the Internal Revenue Service, prior to 1992.

[4]In respondent's brief, he requests that we, on our own motion, impose an additional penalty under sec. 6673. Given the fact that petitioner has prevailed on the sec. 6651(f) issue, we decline respondent's invitation.

additions to tax, nor did she address this issue in her brief. We therefore uphold respondent's determination on this issue.

> Decision will be entered for respondent with respect to the deficiencies and the additions to tax under section 6654(a) and for petitioner with respect to the additions to tax under section 6651(f).